# EXHIBIT D

***Securities and Exchange Commission v. Mark S. Ferber***, Civ. Action No. 96-12653 (EFH) (D. Mass.), Litigation Release No. 15193 (December 19, 1996) (settled final order).

On December 19, 1996, the Securities and Exchange Commission filed a Complaint in the U.S. District Court for the District of Massachusetts against Mark S. Ferber ("Ferber"), a former partner of Lazard Freres & Co. ("Lazard"). In its Complaint, the Commission alleged that Ferber failed to adequately disclose a contract with Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") to three of Lazard's financial advisory clients that were serviced by Ferber and that selected Merrill Lynch to provide underwriting, interest rate swap or other financial services. Simultaneously with the filing of the Complaint, Ferber consented, without admitting or denying the allegations in the Complaint, to a permanent injunction enjoining him from future violations of the antifraud provisions and rule G-17 of the Municipal Securities Rulemaking Board, which requires fair dealing in the municipal securities markets. Ferber also agreed to pay disgorgement of $553,000, which represents his portion of the financial advisory fees that he received, plus prejudgment interest of $97,000, for a total of $650,000.

The Complaint alleged that Ferber, on behalf of Lazard, negotiated a lucrative contract with Merrill Lynch, which provided that Lazard and Merrill Lynch would jointly market interest rate swaps and that Lazard would be a consultant to Merrill Lynch. Pursuant to the contract, between September 1990 and November 1992, Merrill Lynch paid Lazard nearly $5.8 million, which resulted in a substantial financial benefit to Ferber.

The Complaint further alleged that the contract with Merrill Lynch was a material fact that should have been disclosed to Lazard's financial advisory clients that were serviced by Ferber and were considering the selection of Merrill Lynch as a provider of financial services – the Massachusetts Water Resources Authority ("MWRA"), the District of Columbia ("the District") and the United States Postal Service ("USPS"). The contract created at least a potential conflict of interest for Ferber in that it gave rise to a significant risk that Ferber would not provide impartial advice to the financial advisory clients that were considering the selection of Merrill Lynch as a provider of financial services. Thus, the contract created the potential for Ferber to abuse his influence over the financial advisory clients.

The Complaint further alleged that Ferber knowingly or recklessly failed to adequately disclose the contract to the MWRA, the District and the USPS, all of which selected Merrill Lynch to provide underwriting, interest rate swap or other financial services in connection with municipal securities offerings and/or the purchase and sale of securities. As a result, Ferber defrauded these financial advisory clients and the purchasers of their municipal securities in violation of Sections 10(b) and 15B(c)(1) of the Securities Exchange Act of 1934, Rule 10b-5 thereunder and rule G-17 of the Municipal Securities Rulemaking Board.

The Commission investigation that led to this action was conducted in close mutual cooperation with the Offices of the United States Attorney for the District of Massachusetts and the Attorney General of the Commonwealth of Massachusetts.