# EXHIBIT H

SECURITIES AND EXCHANGE COMMISSION
(Release No. 34-74860; File No. SR-MSRB-2015-03)

May 4, 2015

Self-Regulatory Organizations; Municipal Securities Rulemaking Board; Notice of Filing of a Proposed Rule Change Consisting of Proposed New Rule G-42, on Duties of Non-Solicitor Municipal Advisors, and Proposed Amendments to Rule G-8, on Books and Records to be Made by Brokers, Dealers, Municipal Securities Dealers, and Municipal Advisors

Pursuant to Section 19(b)(1) of the Securities Exchange Act of 1934 (the "Act")[1] and Rule 19b-4 thereunder,[2] notice is hereby given that on April 24, 2015, the Municipal Securities Rulemaking Board (the "MSRB" or "Board") filed with the Securities and Exchange Commission (the "SEC" or "Commission") the proposed rule change as described in Items I, II, and III below, which Items have been prepared by the MSRB. The Commission is publishing this notice to solicit comments on the proposed rule change from interested persons.

I.   Self-Regulatory Organization's Statement of the Terms of Substance of the Proposed Rule Change

The MSRB filed with the Commission a proposed rule change consisting of proposed new Rule G-42, on duties of non-solicitor municipal advisors, and proposed amendments to Rule G-8, on books and records to be made by brokers, dealers, municipal securities dealers, and municipal advisors (the "proposed rule change"). The MSRB requests that the proposed rule change be approved with an implementation date six months after the Commission approval date for all changes.

The text of the proposed rule change is available on the MSRB's website at www.msrb.org/Rules-and-Interpretations/SEC-Filings/2015-Filings.aspx, at the MSRB's principal office, and at the Commission's Public Reference Room.

---

[1]   15 U.S.C. 78s(b)(1).

[2]   17 CFR 240.19b-4.

SIFMA comment, the MSRB notes that the scope of inaccuracy targeted by the proposed provision is limited to the significant subjects of the services performed and personnel who performed those services, and the MSRB believes any inaccuracy in an invoice on those subjects should be proscribed. In addition, the MSRB believes that the addition to the proposed provision of the state-of-mind elements that SIFMA suggested would not sufficiently protect municipal entity and obligated person clients.

Prohibition on Fee-Splitting

The Initial Draft Rule included a prohibition on making or participating in any fee-splitting arrangement with underwriters, and any undisclosed fee-splitting arrangement with providers of investments or services to a municipal entity or obligated person client (now Proposed Rule G-42(e)(i)(D)). In response to the First Request for Comment, GFOA supported the fee-splitting prohibition in the Initial Draft Rule, noting that it "appears to be an inherent conflict, and should be avoided." NAIPFA supported the prohibition, but asked the MSRB to provide a definition of "fee-splitting arrangements," under which independent contractors and subcontractors would fall outside of the prohibition. Lewis Young and Winters LLC stated that fee-splitting arrangements should be disclosed but not prohibited. SIFMA commented that fee-splitting arrangements with affiliates, if fully and fairly disclosed, should be permissible. SIFMA stated that there could be legitimate reasons for such arrangements, including fee structures requested by clients of an affiliate, and, with such disclosure, the parties should be free to engage in the fee arrangement believed to be most economical and efficient under the circumstances. NABL commented that the provision appears to apply to transactions even when the advice provided is exempted or excluded from that which would cause one to be a "municipal advisor" under the SEC Final Rule. Based on this assumption, NABL argued that the prohibition should

apply only when a municipal advisor is giving "non-exempt" advice as part of the same transaction, not when it is giving advice that is exempt under the SEC Final Rule.

Several commenters provided examples of fee-splitting arrangements that they believed should not be prohibited. Cooperman stated that a municipal advisor should not be prohibited from outsourcing certain parts of its municipal advisory activities to independent contractors and subcontractors, including those that may have advisors on their staffs, when payment to those third parties is not dependent upon successful conclusion of the financing or payment to the municipal advisor of its fee. In addition, Cooperman stated the fee-splitting prohibition should not prevent two advisor firms from contracting with an issuer to perform services for a predetermined fee that is disclosed to the issuer. Lewis Young, who favored disclosure of fee-splitting in lieu of a complete prohibition, wrote that municipal advisors should be permitted to enter into a fee-splitting arrangement with a structuring agent that provides specific quantitative services on a transaction. Winters LLC asserted that a municipal entity or obligated person should be able to have its municipal advisor or other professionals (including underwriters, if after the underwriting period) receive compensation from investment providers or other service providers for providing oversight and performing other services so long as there is full and fair written disclosure of the fee-splitting or sharing arrangements. Lamont stated that allowing an investment provider to pay fees related to the solicitation of the investment by the municipal advisor, and that are within the permitted limits of the Internal Revenue Service rules, should be acceptable as long as the payments are disclosed to the issuer and each investment provider on the bid list. Wulff Hansen asked whether it would be permissible under the provision for a municipal advisor to arrange for a routine purchase of services on behalf of the advised client in a transaction with an entity in which the advisor has an interest (e.g., a purchase of services from

DTCC when the advisor is also a DTCC Participant and thus a part owner of DTCC). Finally, Piper Jaffray requested that the MSRB clarify that the fee-splitting prohibition, with regards to underwriters, applies to "any issue for which it is serving as municipal advisor" because the failure to link the prohibition to the actual advisory engagement could lead to unintended and adverse consequences.

The MSRB agrees with Piper Jaffray's comment and amended the provision in the Revised Draft Rule (now Proposed Rule G-42 (e)(i)(D)) to prohibit a municipal advisor from making or participating in any fee-splitting arrangement with underwriters on any municipal securities transaction as to which it has provided or is providing advice.

The MSRB believes that the proposed rule change would help prevent violations of fiduciary duties and the duty of care by clearly identifying and prohibiting specific fee-splitting arrangements that are particularly prone to conflict with such duties. Other fee-splitting arrangements would be permitted, provided they are fully and fairly disclosed.

<u>Payments to Obtain/Retain an Engagement to Perform Municipal Advisory Activities</u>

In response to the First Request for Comment, NABL commented that the Initial Draft Rule G-42 should not prohibit or require the disclosure of payments made to obtain or retain municipal advisory business, if those activities are engaged in by persons exempted from registration as a municipal advisor under SEC Rule 15Ba1-1.[68] Similarly, the NY State Bar commented that the prohibition on making payments for the purpose of obtaining or retaining an engagement to perform municipal advisory activities under subsection (g)(v) of the Initial Draft Rule (now proposed Rule G-42(e)(i)(E)) is unnecessarily restrictive with too narrow of an exemption. The NY State Bar stated that the provision should also permit payments to persons

---

[68] 17 CFR 240.15Ba1-1.