UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CHOICE ADVISORS, LLC, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 21cv1669-JO(MSB)<br><br>**ORDER GRANTING UNOPPOSED MOTION TO CONTINUE EARLY NEUTRAL EVALUATION AND RELATED DATES** |

　　　　On October 6, 2022, Defendants Choice Advisors, LLC and Matthias O'Meara filed an "Unopposed Motion to Continue Early Neutral Evaluation and Related Dates." (ECF No. 25.) They ask the Court to continue the Early Neutral Evaluation ("ENE") from November 1, 2022, until November 30, December 1, or December 2, 2022. (Id. at 2.) In support, the Movants state that their counsel has a scheduling conflict on the date of the ENE because he "will be in trial as lead counsel for an in-person FINRA arbitration from October 31 through November 4, 2022 in Denver, Colorado." (ECF No. 25-1, Decl. at 2.) The Movants further state that the arbitration has been set since May 5, 2022. (Id.) Finally, the Movants assert that they conferred with opposing counsel and "all necessary parties are available for ENE and case management conference on November 30, December 1, or December 2, 2022." (Id.)

1

Having considered the Movants' unopposed motion and finding good cause, the Court **GRANTS** the motion.  Accordingly, the Court **CONTINUES** the ENE and Case Management Conference currently scheduled for November 1, 2022, at 9:30 a.m. until **December 2, 2022**, at **1:30 p.m.** The ENE will be held in the chambers of the Honorable Michael S. Berg, United States Magistrate Judge, **located at 221 West Broadway, second floor, San Diego, California, 92101.**  All discussions at the ENE Conference will be informal, off the record, privileged, and confidential.  Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.  The following rules and deadlines apply:

1. **Personal Appearance of Parties Required**:  All named parties, party representatives, including claims adjusters for insured defendants, as well as the principal attorney(s) responsible for the litigation, must be present **in person** and legally and factually prepared to discuss and resolve the case.  Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference.

2. **Full Settlement Authority Required**:  A party or party representative with full settlement authority[1] must be present at the conference.  Retained outside corporate counsel shall not appear on behalf of a corporation as the party representative who has the authority to negotiate and enter into a settlement.  A government entity may be excused from this requirement so long as the government

---

[1] "Full settlement authority" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties.  Heileman Brewing Co. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party.  Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 485–86 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face to face conference.  Id. at 486.  A limited or a sum certain of authority is not adequate.  See Nick v. Morgan's Foods, Inc., 270 F.3d 590, 595–97 (8th Cir. 2001).

attorney who attends the ENE has (1) primary responsibility for handling the case, and (2) authority to negotiate and recommend settlement offers to the government official(s) having ultimate settlement authority.

      **3.**    **Confidential ENE Statements Required**:  No later than **November 25, 2022**, the parties shall submit directly to Magistrate Judge Berg's chambers (via hand delivery or by e-mail to the Court at efile_berg@casd.uscourts.gov), confidential settlement statements.  The ENE statement is limited to **five (5) pages or less, and up to five (5) pages of exhibits or declarations.**  Each party's ENE statement must outline (1) the nature of the case and the claims, (2) position on liability or defense, (3) position regarding settlement of the case with a **specific demand/offer for settlement**, and (4) any previous settlement negotiations or mediation efforts.

      If a party cannot make a specific demand or offer at the time the ENE statement is submitted, then it must state why a demand or offer cannot be made.  Further, the party must explain when they will be prepared to state a demand or offer.  General statements such as a party will "negotiate in good faith" is <u>not</u> a specific demand or offer.  The ENE statement should be submitted confidentially and need not be shared with other parties.

      **4.**    **New Parties Must be Notified by Plaintiff or Plaintiff's Counsel**:  Plaintiff's counsel shall give notice of the ENE to parties responding to the complaint after the date of this notice.

      **5.**    **Case Management Conference**:  If the case does not settle during the ENE, the Court will conduct a Case Management Conference.  In preparation for this conference, the parties must do the following:

      a.    Meet and confer pursuant to Fed. R. Civ. P. 26(f) no later than **November 18, 2022**;

      b.    File a Joint Discovery Plan no later than **November 25, 2022**.  Agreements made in the Joint Discovery Plan will be treated as binding stipulations that are effectively incorporated into the Court's Case Management Order.  The Joint

Discovery Plan must be one document and must cover the parties' views and proposals for each item identified in Fed. R. Civ. P. 26(f)(3). In addition, the Joint Discovery Plan must include the following:

   i. **Service**:  A statement as to whether any parties remain to be served and, if so, a proposed deadline for service;

   ii. **Amendment of Pleadings**:  The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings;

   iii. **Protective Order**:  Whether a protective order is contemplated to cover the exchange of confidential information and, if so, the date by which the proposed order will be submitted to the Court;

   iv. **Privilege**:  The procedure the parties plan to use regarding claims of privilege and whether an order pursuant to Fed. R. Evid. 502 will be sought;

   v. **Evidence Preservation**:  Whether the parties have discussed issues related to the preservation of relevant evidence and if there are areas of disagreement, how the parties are resolving them;

   vi. **Electronic Discovery**:  In addition to the requirements set forth in Fed. R. Civ. P. 26(f)(3)(C), the parties must describe their agreements regarding methodologies for locating and producing electronically stored information and the production of metadata, and must identify any issues or agreements regarding electronically stored information that may not be reasonably accessible (See Fed. R. Civ. P. 26(b)(2)(B));

   vii. **Discovery**:  In addition to the requirements of Fed. R. Civ. P. 26(f)(3)(B), the parties must describe the discovery taken to date (if any), any proposed limitations or modifications of the discovery rules, and any identified discovery disputes; and

   viii. **Related Cases**:  Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

   c. Exchange initial disclosures pursuant to Rule 26(a)(1)(A-D) no later than **November 25, 2022**.

  **6.** **Requests to Continue an ENE Conference**: Local Rule 16.1(c) requires that an ENE take place within forty-five (45) days of the filing of the first answer.  Requests to continue ENEs are rarely granted.  An ENE may be rescheduled only upon a showing of good cause and adequate notice to the Court.  **Absent good cause, requests for continuances will not be considered unless submitted in writing no fewer than seven (7) calendar days prior to the scheduled conference**.

  **IT IS SO ORDERED**.

Dated:  October 6, 2022

Honorable Michael S. Berg
United States Magistrate Judge