UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>CHOICE ADVISORS, LLC, et al.,<br><br>Defendants. | Case No.:  21cv1669-JO(MSB)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION FOR PROTECTIVE ORDER [ECF NO. 35], AND**<br><br>**(2) ENTERING AMENDED PROTECTIVE ORDER ATTACHED AS EXHIBIT 1** |

On January 17, 2023, the parties jointly filed a "Motion for Protective Order." (ECF No. 35.)  Although the parties agree to most of the provisions in their attached order [ECF No. 35-2], they request the Court resolve several pending issues and enter a final protective order.  (Id. at 6.)  Having considered the parties' arguments, the Court finds the below modifications strike the proper balance between disclosure and confidentiality.  Specifically, these provisions ensure the Securities and Exchange Commission ("SEC") can carry out its duty to share information with other law enforcement agencies and regulatory bodies when required by law, while protecting Defendants' private information.

/ / /

1. **Paragraph 12 (f) is amended to:**

"Where the SEC is the receiving party, the SEC may to the extent required by law disclose any Protected Material that the SEC receives from a producing party."

2. **Paragraph 18 is amended to:**

"If a party, through inadvertence, produces any CONFIDENTIAL PER P.O. Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed CONFIDENTIAL PER P.O., and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as CONFIDENTIAL PER P.O."

3. **Paragraph 24 is amended to:**

"Upon final termination of this action, including any and all appeals, counsel for each party must, upon written request of the producing party, return all Protected Material to the party that produced it, including any copies, excerpts, and summaries of it, or must destroy same at the option of the receiving party, and must purge it from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Protected Material, as well as trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, and consultant and expert work product that refers to or incorporates Protected Material, and will continue to be bound by this Order with respect to all such retained Protected Material. Further, attorney work product materials that contain Protected Material need not be destroyed, but, if they are not

destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained Protected Material. Notwithstanding this provision, nothing in this Order compels the SEC to purge, return, or otherwise destroy materials it is required to keep and preserve under applicable record-keeping statutes and regulations."

4. **Paragraph 26 is amended to:**

"Notwithstanding any provisions contained herein, this Order shall not limit or restrict the SEC from making Routine Uses of Information as set forth in SEC Form 1662, as provided to all parties."

Accordingly, the Court **GRANTS** the motion [ECF No. 35] and **ENTERS** the amended Protective Order, attached as Exhibit 1.

**IT IS SO ORDERED.**

Dated: January 19, 2023

Honorable Michael S. Berg
United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                              Plaintiff,<br><br>v.<br><br>CHOICE ADVISORS, LLC and MATTHIAS O'MEARA,<br><br>                              Defendants. | Case No.:  21-CV-01669-JO-MSB<br><br>**PROTECTIVE ORDER** |

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties may contain confidential materials or information, as is contemplated by Federal Rule of Civil Procedure 26(c).  The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation.  THEREFORE:

/ / /

/ / /

DEFINITIONS

1. The term "CONFIDENTIAL PER P.O. Information" means information or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), including information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, deposition testimony, and transcripts of depositions, and data, summaries, and compilations derived therefrom.

2. The term "counsel" means outside counsel of record in this action and each party's in-house counsel (as well as their support staff).

3. The term "Expert" means a person with specialized knowledge or experience in a matter pertinent to this action who has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action.

4. "Protected Material" means any material that is designated as "CONFIDENTIAL PER P.O."

GENERAL RULES

5. Any use of Protected Material at trial shall be further governed by the orders of the trial judge.

6. Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or other information that qualifies for protection under this Order may designate the same as "CONFIDENTIAL PER P.O."

7. Designation as "CONFIDENTIAL PER P.O.:" Any party may designate information as "CONFIDENTIAL PER P.O." only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

8. Each party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies

1  under the appropriate standards. The designating party must designate for protection
2  only those parts of material, documents, items, or oral or written communications that
3  qualify so that other portions of the material, documents, items, or communications for
4  which protection is not warranted are not swept unjustifiably within the ambit of this
5  Order.

6      9.    In the event the producing party elects to produce materials for inspection,
7  no marking need be made by the producing party in advance of the initial inspection. For
8  purposes of the initial inspection, all materials made available for inspection will be
9  considered as "CONFIDENTIAL PER P.O. Information," and must be treated as such
10 pursuant to the terms of this Order. Thereafter, upon selection of specified materials for
11 copying by the inspecting party, the producing party must, within a reasonable time prior
12 to producing those materials to the inspecting party, mark each page of the copies of
13 those materials that contains CONFIDENTIAL PER P.O. Information with the
14 designation "CONFIDENTIAL PER P.O." In addition, the file name must reflect that the
15 file contains information that is confidential under this order.

16      10.    Whenever a deposition taken on behalf of any party involves a disclosure of
17 CONFIDENTIAL PER P.O. Information of any party:

18      a.    the portions of the deposition containing CONFIDENTIAL PER P.O. Information must be designated "CONFIDENTIAL PER P.O." subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing CONFIDENTIAL PER P.O. Information after transcription of the proceedings; a party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL PER P.O."

b.    the disclosing party will have the right to exclude from attendance at the deposition, during such time as the CONFIDENTIAL PER P.O.

Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 12 below; and

    c.    the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL PER P.O." on the portions of the deposition designated CONFIDENTIAL PER P.O.

11. Protected Material must not be disclosed by the receiving party to anyone other than those persons designated within this Order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

12. Protected Material must be viewed only by counsel (as defined in paragraph 2) of the receiving party, by the Court and its personnel, by court reporters and their staff, and by the following individuals:

    a)    Experts (as defined in paragraph 3) of named parties in this action and their staff, who have read this Order in advance of disclosure and have agreed in writing to be bound by its terms;

    b)    Authorized representatives of named parties in this action (including in-house counsel)–who have read this Order in advance of disclosure and have agreed in writing to be bound by its terms;

    c)    Technical personnel of the parties with whom counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action, who have read this Order in advance of disclosure and have agreed in writing to be bound by its terms;

    d)    Pursuant to agreement between the parties or by further order of this court, witnesses in this action (and, if they are represented, their counsel) who have read this Order in advance of disclosure and have

                    agreed in writing to be bound by its terms;

    e)    Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

    f)    Where the SEC is the receiving party, the SEC may to the extent required by law disclose any Protected Material that the SEC receives from a producing party.

13. With respect to material designated "CONFIDENTIAL PER P.O.," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

14. No document may be filed under seal, except pursuant to a court order that authorizes the sealing of the particular document, or portion of the document. A sealing order may issue only upon a showing that the information is privileged or protectable under the law. The request must be narrowly tailored to seek sealing only of the confidential or privileged material.

To file a document under seal, the parties must comply with the procedures explained in Section 2.j of the Electronic Case Filing Administrative Policies and Procedures Manual for the United States District Court for the Southern District of California and Civil Local Rule 79.2. In addition, a party must file a redacted version of any document that it seeks to file under seal. The document must be titled to show that it corresponds to an item filed under seal, e.g., 'Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment.' The party should file the redacted document(s) simultaneously with a joint motion or ex parte application requesting that the confidential portions of the document(s) be filed under seal and setting forth good cause for the request.

15. At any stage of these proceedings, any party may object to a designation of the materials as CONFIDENTIAL PER P.O. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the

1  grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The materials at issue must be treated as Protected Material, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

16. All Protected Material must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving Protected Material must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of it. If Protected Material is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

17. No party will be responsible to another party for disclosure of CONFIDENTIAL PER P.O. Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

18. If a party, through inadvertence, produces any CONFIDENTIAL PER P.O. Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed CONFIDENTIAL PER P.O., and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as CONFIDENTIAL PER P.O.

19. Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

20. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as CONFIDENTIAL PER P.O., provided that the contents of the information must not be disclosed to any persons not authorized to receive such information under this Order.

21. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of CONFIDENTIAL PER P.O. Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

22. This Order will be without prejudice to the right of any party to object on any ground to the use in evidence of any of the material covered by this Order.

23. Nothing within this Order will be construed to prevent disclosure of Protected Material if such disclosure is required by law or by order of the Court.

24. Upon final termination of this action, including any and all appeals, counsel for each party must, upon written request of the producing party, return all Protected Material to the party that produced it, including any copies, excerpts, and summaries of it, or must destroy same at the option of the receiving party, and must purge it from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Protected Material, as well as trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, and consultant and expert work product that refers to or incorporates Protected Material, and will continue to be bound by this Order with respect to all such retained Protected Material. Further, attorney work product materials that

contain Protected Material need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained Protected Material. Notwithstanding this provision, nothing in this Order compels the SEC to purge, return, or otherwise destroy materials it is required to keep and preserve under applicable record-keeping statutes and regulations.

25. The restrictions and obligations set forth within this Order will not apply to any information that: (a) the parties agree should not be designated CONFIDENTIAL PER P.O.; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

26. Notwithstanding any provisions contained herein, this Order shall not limit or restrict the SEC from making Routine Uses of Information as set forth in SEC Form 1662, as provided to all parties.

27. The restrictions and obligations within this Order will not be deemed to prohibit discussions of any Protected Material with anyone if that person already has or obtains legitimate possession of it.

28. Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

29. This Order may be modified by agreement of the parties, subject to approval by the Court.

/ / /
/ / /
/ / /
/ / /
/ / /

9

21-CV-01669-JO-MSB

30.     The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

**IT IS SO ORDERED.**

Dated:  January 19, 2023

_____
Honorable Michael S. Berg
United States Magistrate Judge